Lawton-Bowles v. Brown 21-1242. And Ms. Lawton-Bowles is online I believe. Good morning. Hold on one second. Hold on one second. Thank you. Okay, Ms. Lawton-Bowles, you have five minutes. You've reserved three minutes for rebuttal. So we'll hear you for two minutes, then we'll hear your friend on the other side and then we'll come back to you. Okay, so why don't you start. Can you hear me? Okay. Yes, I can hear you. Terrific. Go ahead. Okay, I brought this case in U.S. District 1, Southern District in front of Judge Quinn in reference to a mortgage fraud. I was allowed to e-file at the time because Pro Seis wasn't allowed to e-file even though I requested it several times. And then COVID happened. I sent the paperwork in. I sent each defendant this stuff after the marshals sent it to them. And then the attorney, Kevin Flinger, he wasn't the attorney on the case. I sent it to each party and the party referred me back to them, to his law firm, which is Eggerton Siemens. And the case was dismissed because I didn't in proper service. I served everybody properly. The marshals served them. Kevin Flinger said he wasn't the attorney. He sent some... You're cutting out. You're cutting out. I'm sorry. Okay, better. He sent out information saying that he's not going to represent the other three attorneys, only Brown. I mean, the other three... And I mailed everything out that he's not represented. When I tried to ask to overturn the dismissal, not serving correctly, he didn't indicate that he was representing all three. And Judge Halperin said that I didn't fail to serve. And everything I had e-filed, he said I had e-filed privileges, which I did not. And I mailed my stuff to the pro se office. They never logged it in. When I emailed it to the pro se office, I got a confirmation that it was logged in, but a correction letter. Okay. So we'll hear from the other side, and then we'll hear again from you. Mr. Flickinger, is that right? Yes. Thank you, Your Honor. So, Your Honor, Ken Flickinger for the defendant, Appelli, in this case. Your Honor, there's no reason to disturb the order of the district court in this case. The district court was well within its discretion to deny the plaintiff appellant's motion to vacate the judgment. The district court found that the plaintiff appellant did not provide a reasonable excuse because she basically knew or should have known that her response to the court's order to show cause, why she didn't properly serve the defendants, the unserved defendants in the first instance. And that she should have known that her papers were not properly filed. She did show that she made an attempt to file the documents, but the instructions from the pro se filing office regarding her email submissions of the documents were very clear that if the documents were not filed on the docket within two days, then they were not properly submitted and they'd have to be submitted another way. She said she got a confirmation of some sort. And she included that in her response to the, in her motion to vacate the judgment after the court dismissed the action based on her failure to properly file the papers. I don't believe the court realized that papers were attempted to be filed at all in the first instance. It appeared there was no response at all in the docket. So the court, having no response to its order to show cause, dismissed the action, entered the judgment, and then a plaintiff appellant filed a motion to vacate the judgment. And through that motion, she provided documents showing that she did make an email submission to the pro se filing office. But I believe it was shown that the documents were too large for the pro se filing office to either receive them or process them or to appropriately file them on the docket. So they were not filed on the docket. And the court, the district court had no indication that she was attempting to file a response to the order to show cause resulting in the dismissal of the action. However, the, again, the court, the district court found that the pro se filing instructions from the pro se filing office were very clear about what it would take to properly file the pro se filing office by email, and that she should have known that the documents were not properly filed. She also was signed up for electronic filing to the extent of receiving electronic filing of documents. So if it had been properly uploaded to the docket, she would have received an email confirmation of that. And it wasn't until four weeks after the dismissal order that she files this motion to vacate the dismissal judgment. And, you know, with some of the time I have left, I would just like to also raise that while the district court didn't raise as a factor in analyzing the motion to vacate the judgment, the district court did not raise that one of the factors should be whether the party moving to would be able to ultimately establish essentially a reasonable likelihood of success on the underlying issue. So when you're analyzing a motion to vacate at default, whether it's a default in pleading or whether it's a default in responding to an order to show cause by the court, one of the factors on whether the judgment should be vacated is, does the party have a reasonable likelihood of success at ultimately defending the merits of the claim if it's a pleading default or was the party, did the party have a reasonable likelihood of success in establishing good cause for the failure to properly serve the defendants in the first instance, which would be the issue in our case. And while the district court didn't raise that as a factor or analyze it, I did address it in the district court and I addressed it on this appeal. And I think that when you look at what she ultimately did provide in trying to show that she had a good reason for failing to serve these defendants in the first instance, I don't believe she establishes good cause for the failure to serve those unserved defendants in this case. She tried to serve my office and my office promptly rejected that attempt and told her we are not authorized to accept service of process on behalf of these parties, not withstanding whether or not we represent them in a separate litigation that she's involved with. And so that was communicated to her very clearly from the onset and many, many months went on without her making any attempt to make alternative service. Thank you very much. Thank you, Your Honor. Ms. Lawton Bowles, you heard from Mr. Flickinger. So you've got a few minutes to respond. Yes. I want to disagree with what he said. One, I'm a pro se. At one time, the pro se could not file papers. We could receive the electronic service, but we could not file service. I applied for it over and over again, took the courses and everything. I was denied for filing my paper. So I had to mail my submissions in to the pro se office. COVID happened. Then they said, okay, you got submissions. You got to put them into a PDF and then email them. I emailed the response on January 1st. I got a confirmation that they received it. Like the court here, when I mail something in or email something in or file something in, if something's wrong, they'll send me a correction notice and then I have to correct it. I never received the correction notice from the district court. So I assumed that the judge got the paperwork. And when I found out that the case was dismissed, I applied for a motion to overturn for insinuated circumstances. COVID happened. I mean, I couldn't get the paperwork to the court because the court was closed. So mailing to the court, even if it's open and it takes a minute, they gave us, they gave pro se the option to put it through online. But if the pro se office don't send a correction, I don't know that the paper didn't get through and have to redo it. So that was the whole case with that. And then on top of that, when he said, when his office said that they wasn't representing the three people, they represented Jason to try to take my home in New York state foreclosure court, I immediately mailed the paperwork out that I'm taking to the court, in the district court, and they sent me letters back, which is included in the case that, oh, you must send it to our attorney, which is Edgerton Freeman, where dear Kelly is from. So I did everything I could do. Which is follow instructions on everything I received from the appellate. Okay. Thank you very much. So we'll reserve decision, which just means Ms. Lawton-Bowles that we'll consider the arguments we've already read as a panel, what you submitted, what the will reserve decision for now, and you'll get a decision from us at some point. Okay. Okay. I just want to say one more thing, if you don't mind. Of course. Of course. The whole thing was extenuating circumstances. If COVID-19 wasn't extenuating circumstances and court closing down, I don't know what is. I appreciate that. Thank you very much. That concludes today's argument calendar. Court is adjourned. Thank you.